McGREGOR W. SCOTT
United States Attorney
KRISTIN S. DOOR SBN 84307
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2723

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:07-cv-00983-MCE-GGH |
| Plaintiff, | |
| v. | FINAL JUDGMENT OF FORFEITURE |
| REAL PROPERTY LOCATED AT 6893 LUNAR LANE, PARADISE, CALIFORNIA, BUTTE COUNTY, APN: 050-120-098, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |
| Defendant. | |

Pursuant to the Stipulation for Final Judgment of Forfeiture, the Court finds:

1. This is a civil forfeiture action against certain real property located at 6893 Lunar Lane, Butte County, Paradise, California, APN: 050-120-098 (hereinafter referred to as the "defendant real property") and more particularly described in Exhibit A, attached hereto and incorporated herein by reference.

///

///

   2.   A Complaint for Forfeiture In Rem was filed on May 24, 2007, seeking the forfeiture of the defendant real property, alleging that said property is subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(7).

   3.   On June 28, 2007, the defendant real property was posted with a copy of the complaint and notice of complaint.

   4.   On July 10, 17, 24, and 31, 2007, a Public Notice of Posting of the defendant real property appeared by publication in The Oroville Mercury-Register, a newspaper of general circulation in the county in which the defendant real property is located (Butte County).

   5.   In addition to the Public Notice of Posting having been completed, actual notice or attempted notice was acknowledged by the following:

   a. Patricia L. Hatton

   b. Butte Community Bank

   6.   Butte Community Bank has filed a verified claim and answer alleging an interest in the defendant real property. Patricia L. Hatton has filed an Acknowledgment of Property Ownership alleging that she is the legal owner of the defendant real property.

   7.   No other parties have filed claims or answers in this matter and the time for which any person or entity may file a claim and answer has expired.

   Based on the above findings, and the Court being otherwise fully advised in the premises, it is hereby

///

///

1      ORDERED AND ADJUDGED:

2      1.   That the Court adopts the Stipulation for Final Judgment
3 of Forfeiture entered into by and between the parties to this
4 action.

5      2.   That judgment is hereby entered against claimants
6 Patricia L. Hatton and Butte Community Bank and all other
7 potential claimants.

8      3.   The U.S. Marshals Service shall list the defendant real
9 property for sale.  The U.S. Marshals Service shall have sole
10 authority to select the means of sale, including sale by internet
11 or through a licensed real estate broker, and shall have sole
12 authority over the marketing and sale of defendant real property.

13     4.   The U.S. Marshals Service shall have the defendant real
14 property appraised by a licensed appraiser of its choosing.  The
15 U.S. Marshals Service and the appraiser may have access to the
16 defendant real property and structures, buildings, or storage
17 sheds thereon upon 24 hours telephonic notice.

18     5.   If necessary, the U.S. Marshals Service, and any real
19 estate broker employed by the U.S. Marshals Service, shall have
20 the right to put a "lock box" on the property to facilitate the
21 marketing and sale of the property.

22     6.   The following costs, expenses and distributions shall be
23 paid in escrow from the gross sales price in the following
24 priority and to the extent funds are available:

25               (a)   The costs incurred by the U.S. Marshals
26                     Service to the date of close of escrow,
27                     including the cost of posting, service,
28                     advertising, and maintenance.

  (b) Any unpaid real property taxes, which shall be prorated as of the date of the entry of the Final Judgment of Forfeiture.

  (c) A real estate commission not to exceed the U.S. Marshals Service contractual brokerage fee.

  (d) The seller shall pay any county transfer taxes.

  (e) To the Butte Community Bank, a sum to satisfy an indebtedness under the Deed of Trust recorded in the official records of Butte County as instrument number 1999-0009936 on March 9, 1999, in the original amount of $50,000.00 plus all unpaid interest at the contractual (not default) rate, plus any advances and costs incurred by Butte Community Bank up to the date of the payoff of the loan, including, but not limited to any insurance advances, tax advances, and property preservation costs. As of June 26, 2007, the principal due and owing under the Note was $44,859.62 and the interest due and owing was $233.64. The total amount due under the contractual terms of the Note as of June 26, 2007 was $45,093.26. Attorneys fees in an amount not to exceed $3000 shall also be paid to Butte Community Bank.

4

|   |   |   |
|---|---|---|
| 1 |  | The exact amount to be paid to Butte |
| 2 |  | Community Bank shall be determined at time of |
| 3 |  | payment. |
| 4 | (f) | To the United States of America: 80% of the |
| 5 |  | net proceeds from the sale of the real |
| 6 |  | property.  All right, title, and interest in |
| 7 |  | said funds shall be substituted for the |
| 8 |  | defendant real property and forfeited to the |
| 9 |  | United States pursuant to 21 U.S.C. § |
| 10 |  | 881(a)(7), to be disposed of according to |
| 11 |  | law. |
| 12 | (g) | To claimant Patricia L. Hatton 20% of the net |
| 13 |  | proceeds from the sale of the real property. |

7.  Any liens or encumbrances against the defendant real property that appear on record subsequent to the recording of plaintiff's lis pendens on May 30, 2007, and prior to the close of escrow may be paid out of escrow.

8.  The costs of a lender's policy of title insurance (ALTA policy) shall be paid for by the buyer.

9.  All loan fees, "points" and other costs of obtaining financing shall be paid for by the buyer of the defendant property.

10.  Each party shall execute all documents necessary to close escrow, if such signatures are required by the title insurer.

///
///
///

5

1.  11. All parties hereby release plaintiff United States of America and its servants, agents, and employees from any and all liability arising out of or in any way connected with the posting, forfeiture, or sale, of the defendant real property. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said posting, forfeiture, or sale, as well as to those now known or disclosed. The parties waive the provisions of California Civil Code § 1542.

2.  12. Claimant Patricia L. Hatton shall maintain the defendant real property in the same condition and repair as existed as of the date of the posting, normal wear and tear excepted, until she has vacated the premises. The term "maintain" shall include, but is not limited to, keeping the property free of hazard and structural defects; keeping all heating, air conditioning, plumbing, electrical, gas, oil, or other power facilities in good working condition and repair; keeping the property clean and performing such necessary sanitation and waste removal; keeping the property in good condition by providing for lawn and yard maintenance; and other ordinary and necessary items of routine maintenance.

3.  13. Until the sale of the defendant real property, claimant Patricia L. Hatton shall maintain all insurance policies currently in effect with respect to the property, including policies covering liability to persons injured on said property and for property damage to the defendant real property.

///
///

Claimant Patricia L. Hatton shall arrange for the inclusion of a rider to all of the above-mentioned policies naming the U.S. Marshals Service as the primary beneficiary of the insurance policy.

14.   Until the sale of the defendant real property, or until otherwise required to vacate the property, claimant Patricia L. Hatton shall allow the U.S. Marshals Service personnel, or its agent, the right to enter and inspect the property and all buildings thereon on a monthly basis upon 24 hours telephonic notice.

15.   Except as specifically provided herein, claimant Patricia L. Hatton shall not convey, transfer, encumber, lien, or otherwise pledge the defendant real property without the prior, written approval of the United States.

16.   Claimant Patricia L. Hatton shall vacate the defendant real property on 72 hours notice by the U.S. Marshals Service. Claimant further shall remove all personal possessions, and the personal possessions of any former occupant, including all vehicles, furniture, and trash, and to leave the property clean and in the same state of repair as the property was on the date it was posted.  Any and all of claimant's personal possessions, and the personal possessions of any former occupant, not removed within 72 hours will be disposed of by the United States without further notice.  Any cost incurred by the United States to evict claimant or for disposal of personal possessions shall be deducted from the payment to claimant Patricia L. Hatton as set forth in ¶ 6.g above.

///

17. There was reasonable cause for the posting of the defendant real property, and the Court may enter a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

18. All parties are to bear their own costs and attorneys' fees, except as provided for herein.

19. Pending the sale of the property, and the disposition of the proceeds, the Court shall maintain jurisdiction to enforce the terms of the Final Judgment of Forfeiture.

IT IS SO ORDERED

Dated: October 23, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF REASONABLE CAUSE

Pursuant to the Stipulation for Final Judgment of Forfeiture filed herein and the allegations set forth in the Complaint for Forfeiture *In Rem* filed May 24, 2007 the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the posting of defendant property.

Dated: October 23, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

Exhibit A

Real property located at 6893 Lunar Lane, Paradise, California

All that certain real property situate in the Town of Paradise, County of Butte, State of California, described as follows:

**PARCEL I:**

The Northerly 69.47 feet of the Southerly 138.97 feet of the following described parcel of land:

Beginning at a point on the South line of Section 6, Township 22 North, Range 4 East, M.D.B. & M., said point being 880.00 feet West of the South quarter corner of said Section 6: thence Northerly and parallel with the East line of the Southwest quarter of said Section 6, a distance of 416.85 feet; thence Southerly and parallel with the East line of the Southwest quarter of said Section 6; thence East along the South line of said Section 6, a distance of 209.0 feet to the point of beginning.

EXCEPTING THEREFROM all minerals contained in said land that are situated 150 feet or more below the surface of the ground, it being understood and agreed by and between the parties hereto that in mining said land, no shafts shall be sunk from the surface, and all tunnels shall be timbered in such a manner that no caving shall occur from the surface as reserved in the deed from J. R. Brown, to J.G. Bennett, et al, recorded April 3, 1908 in Book 106 of Deeds, at page 477, Butte County Records.

**PARCEL II:**

A right of way for road and public utility purposes 60 feet in width lying Westerly of and adjacent to the following described line:

Beginning at a point on the South line of said Section 6, said point being 880.0 feet West of the South quarter corner of said Section 6 and true point of beginning for the line herein described; thence from said true point of beginning Northerly and parallel with the East line of the Southwest quarter of said Section 6, a distance of 647.30 feet to a point on the South line of Dean Road and the end of said line.

AP No: 050-120-098